# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52059

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

ANDREW ROBERT SMITH,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  June 25, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Barbara Duggan, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of seven years, for felony domestic battery in the presence of a child, <u>affirmed</u>.

Silvey Law Office LTD; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

    Andrew Robert Smith pled guilty to felony domestic battery in the presence of a child.[1] Idaho Code § 18-918(4).  In exchange for his guilty plea, additional charges were dismissed.  The district court sentenced Smith to a unified term of twenty years, with a minimum period of confinement of seven years.  Smith appeals, arguing that his sentence is excessive.

---

[1]    Smith also plead guilty to two counts of misdemeanor injury to a child and one count of misdemeanor attempted violation of a no-contact order; however, Smith does not challenge these convictions or sentences on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Smith's judgment of conviction and sentence are affirmed.